IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CESAR VALENTIN REYES<br>Plaintiff<br>vs<br>SYNOVOS, INC.; SYNOVOS,<br>PUERTO RICO, LLC;<br>AMGEN MANUFACTURING LIMITED;<br>JUAN MEDINA VISSEPO<br>Defendants | CIVIL 16-2735CCC |

**OPINION AND ORDER/RE: FAILURE TO PROMOTE CLAIM**

This is an action for damages involving a former employee of Synovos, Inc. and Synovos Puerto Rico LLC (collectively "Synovos"). Plaintiff Cesar Valentín Reyes' ("Valentín") initial position was that Synovos and Amgen Manufacturing Limited ("Amgen") were "joint employers with respect to him at all times relevant" (d.e. 1 at ¶ 18). This argument was totally abandoned and the claims against Amgen voluntarily dismissed. See d.e. 18 and d.e. 20. Valentín asserts that in failing to promote him to the position of Site Manager and filling the position with a younger, less qualified employee, Synovos discriminated against him based on his age in violation of the Age Discrimination in Employment Act ("ADEA").[1] He claims that by terminating him after complaining that his supervisor made discriminatory statements against him, Synovos retaliated in violation of the ADEA. Valentín also asserted a claim of unjust dismissal under 29 P.R. Laws Ann. §§ 185a et seq. ("Law 80").

---

[1] Valentín bases his discrimination claim only on Synovos' alleged failure to promote, not his termination. See d.e. 42 at p. 13.

On November 6, 2017, Synovos moved for summary judgment on all remaining causes of action (**d.e. 31**), supported by proposed statements of fact (d.e. 31-1) and memorandum of law (d.e. 32). Having considered Synovos' Motion for Summary Judgment and supporting memorandum, Valentín's memorandum in opposition (d.e. 42), each parties' proposed statements of uncontested material facts (d.e. 31-1 and d.e. 40), Synovos' Reply to Valentín's proposed statement of facts (d.e. 53), Synovos' Reply memorandum (d.e. 54), and other supporting materials, the Court GRANTS partial summary judgment as to plaintiff's failure to promote claim and sets forth the following material facts as to which there is no genuine dispute:

**FINDINGS OF FACT**

1.  Plaintiff Cesar Valentín Reyes ("Valentín") started working for Storeroom Solutions Puerto Rico, LLC on September 8, 2014 when he was 58 years old. (d.e. 31-5 at 22:12-15; 76:15-18). The company changed its name in 2016 to Synovos Puerto Rico, LLC and Synovos, Inc. (collectively, "Synovos") (d.e. 31-5 at 207:2-5).

2.  Synovos is mostly dedicated to managing warehouses (d.e. 31-3 at 22:14-18), among these, a warehouse belonging to Synovos' client Amgen (the "AML site").

3.  Valentín held the position of Buyer III at the AML site. (d.e. 31-5 at 207:6-7). As Buyer III, Valentín was responsible for procurement transactions with Synovos' clients. (d.e. 31-8). The essential functions of the

position included generating purchase orders and verifying quoted prices when generating the same for any item. *Id.*

4.    Stacey O'Leary ("O'Leary") was Synovos' Human Resources Department Director of Talent Management, Employee Relations & Communications. (d.e. 31-4 at pp. 20:10-17; 26:16-24).

5.    Scott Briggs ("Briggs"), was Synovos' "Manager Corporate" or Project Manager assigned to Puerto Rico. (d.e. 31-5 at 112:11-12 and d.e. 31-15 at ¶ 2).[2]

6.    Lourdes Rodríguez Guzmán ("Rodríguez"), as Site Manager of the AML site in Juncos, was Valentín's supervisor when he began working in September 2014 at Synovos as Buyer III.  (d.e. 31-10 at p. 1; d.e. 31-3 at p. 160:1–2).

7.    A vacancy for Site Manager of the AML site arose when Rodriguez resigned on March 27, 2015.  (d.e. 31-15 at ¶ 4 and d.e. 31-3 at p. 38:3-5).

8.    Six months into his employment at Synovos, Valentín sought to replace Rodriguez in the position of Site Manager at the AML site in Juncos (d.e. 31-8, p. 4).  This would represent a promotion from Buyer III at the AML site to Site Manager of the AML site.  He was considered for the position, but not interviewed. (d.e. 31-3 at 40:4-15; d.e. 40-12 at ¶ 6).

---

[2] The Court notes that "Rule 56 contains no requirement that the affiant specifically articulate that he or she has personal knowledge." *Garcia-Garcia v. Costco Wholesale Corp.*, 878 F.3d 411, 418 (1st Cir. 2017) (referring to Fed. R. Civ. P. 56(c). In any event, "a reading of [Briggs's] affidavit[] demonstrates that . . . [he] did have personal knowledge about the facts [he] sw[ore] to, despite not explicitly stating so." *Id*. (referring to *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990)). We therefore consider Briggs' affidavit as support for Synovos' factual positions.

CIVIL 16-2735CCC                                      4

9.     Juan Medina Vissepó ("Medina"), born on May 3, 1970 (d.e. 31-3 at 10:16-19), had been hired by Synovos in January 2014 to serve as Site Manager at the Bristol Meyers site, a warehouse of another Synovos customer (*Id*. at pp. 25:3-23; d.e. 31-15 at ¶ 6; and d.e. 31-14[3] at ¶ 3).

10.    Fourteen (14) months later, in March 2015, James Densmore ("Densmore"), Amgen's general manager, asked Medina to substitute for Rodriguez as Site Manager at the AML site in Juncos.  (d.e. 31-3 at pp. 30:13-17; 31:1-3; 33:2-21; 35:24-25; 37:18-25; and 38:2-19).

11.    Densmore for Amgen and Briggs for Synovos formally interviewed Medina, then Bristol Meyers Site Manager, for the vacant Site Manager position at the AML site.  (d.e. 31-15, ¶ 6 and d.e. 31-14, ¶ 6).

12.    Valentín understood that Briggs, O'Leary, and Synovos' President took part in the decision to formally select Medina over him for the AML Site Manager position.  (d.e. 31-5 at 87:21-26; 88:1-6).

13.    In May 2015, Medina officially became Site Manager at the AML site and Valentín's supervisor at such site. (d.e. 31-3 at pp. 41:21-24 and 42:1-2).  Briggs, Synovos' Project Manager, was Medina's supervisor during the entire year 2015. (*Id.* at 51:4-15).

14.    At the time of Medina's selection as AML Site Manager, he had been employed at Synovos for a longer period and had more managerial experience at the company than Valentín. Compare ¶¶ 1 and 7, *supra*. As a matter of fact, Medina had sixteen (16) months of experience as Site Manager

---

[3]Densmore's late disclosure does not compel exclusion of his Statement Under Penalty of Perjury at d.e. 31-14.  The inadvertent omission of this potential witness known to Valentin in Synovos' Rule 26(a)(1)(A) disclosure is a harmless violation.  *See* 1993 Advisory Committee Note in Fed. R. Civ. P. 37.

CIVIL 16-2735CCC                                5

at Synovos, as opposed to Valentín who had eight (8) months at Synovos in a non-managerial position as buyer. Therefore, Medina was merely being relocated from Site Manager at Bristol Myers to Site Manager at another Synovos client – Amgen.

     15. By Valentín's own admission at paragraph 57 of the Complaint, it was only after becoming Valentín's supervisor that Medina began to make discriminatory remarks based on age against him.

Based on these Findings of Fact, the Court states the following:

## CONCLUSIONS OF LAW

**Valentín's Age Discrimination Claim**

We note that Valentín has not presented explicit evidence of age discrimination relevant to his failure to promote claim. The discriminatory comments Valentín accuses Medina of making are not probative of age discrimination by Synovos in choosing Medina because, as a factual matter, all of Medina's statements were admittedly uttered after Synovos decided to fill the AML Site Manager vacancy with Medina instead of Valentín. No causal relationship has been established between Valentín's age and Briggs' and Densmore's choice to name Medina as AML Site Manager over Valentín. "Where, as here, there is no 'smoking gun' evidence of discrimination, a plaintiff can use the familiar *McDonnell Douglas* burden shifting framework to meet his ultimate burden of proving that he was denied promotions due to his age." *Arroyo-Audifred v. Verizon Wireless, Inc.*,

527 F.3d 215, 218-19 (1st Cir. 2008) (referring to *Vega v. Kodak Caribbean, Ltd.*, 3 F.3d 476, 478 (1st Cir. 1993)).

In order to state a prima-facie claim of age discrimination for failure to promote, Valentín must show that "1) he was at least 40 years old at the time of the discrimination; 2) he was qualified for the position; 3) he was denied the promotion; and 4) Verizon filled the position with a younger person of similar qualifications." *Arroyo-Audifred*, 527 F.3d at 219. There being no dispute as to factors one and three, the parties have focused their arguments on the other two. In support of factor two, qualification for the AML Site Manager position, Valentín advances that he has "years of experience in buying and logistics, as well as the fact that he was already familiarized with the AML Site" (d.e. 42 at p. 15). As to the fourth factor, filling the vacancy with a younger person of **similar qualifications,** Medina was younger than Valentín, but Valentín claims that he was better qualified. *Id*. We grant Synovos' motion for summary judgment on plaintiff's failure to promote claim because ultimately, Valentín does not meet his burden of showing that Synovos' non-discriminatory reasons for choosing Medina are pretextual.

Synovos submits that the reasons why Medina was chosen as Site Manager were that (1) he had industry experience, (2) had managed staff, (3) had good performance reviews, and (4) was recommended for the position. *See* d.e. 32, p. 9. Synovos primarily advances that Medina was chosen to replace Rodriguez as AML Site Manager because he already had experience as Site Manager for the Synovos' Bristol Meyers site and he had more seniority at Synovos. *See* d.e. 54 at pp. 12-13. To prove that his employer's reasons

for promoting Medina are pretextual, Valentín claims that Medina would call Rodríguez for instructions on how to perform the job as Site Manager at the AML site and questioned whether Medina was in fact Site Manager at Bristol Meyers.  *See* d.e. 42 at p. 16.  Valentín argues that his experience in buying and logistics and his familiarity with the AML site qualified him for the Site Manager position.  *See id.* at p. 15.  None of these arguments are probative of pretext.

In order to survive summary judgment "[w]hen an employer promotes one person over another based on its assessment of their comparative qualifications, the question is not which applicant was better qualified, but, rather, whether the employer's avowed reason for the decision was pretextual." *Bermudez-Vazquez v. Centennial of Puerto Rico Wireless Corp.*, 97 F. App'x 337, 338 (1st Cir. 2004) (referring to *Rathbun v. Autozone, Inc.*, 361 F.3d 62, 74 (1st Cir. 2004)).  Valentín has failed to provide evidence to show that Synovos' reasons for choosing Medina for the AML Site Manager position over him are a pretext for age discrimination.  It is a fact that Amgen's general manager, Densmore, had expressed the desire that Medina serve as its Site Manager when Rodríguez left vacant the position.  Additionally, Medina had more seniority than Valentín at Synovos and already had experience as site manager, which Valentín lacked.  The reasons for Synovos choosing Medina as AML Site Manager are legitimate business reasons.

**Retaliation and Law 180 Claims**

After closely examining the supporting material provided by each of the parties, we DENY Synovos' motion for summary judgment on Valentín's

CIVIL 16-2735CCC                8

retaliation claim and Law 180 claim because there are genuine disputes as to material issues of fact for the jury to decide.

## CONCLUSION

For the reasons stated forth, Synovos' motion for summary judgment is GRANTED as to Valentín's failure to promote claim but DENIED as to Valentín's retaliation and wrongful dismissal claims.

SO ORDERED.

At San Juan, Puerto Rico, on September 28, 2018.

S/CARMEN CONSUELO CEREZO
United States District Judge